UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIROSLAV KEFURT, *derivatively on behalf of Breamach, Inc*,<br><br>Plaintiff,<br><br>v.<br><br>REINIER HOOGENRAAD, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01774-JAD-BNW<br><br>ORDER |

Before the Court is Plaintiff's Motion to Strike Defendants' (1) Motion for Transfer of Venue, (2) Notice of Joinder, and (3) the Answer to the Complaint. ECF No. 20. Defendant Montgomery responded at ECF No. 23. Plaintiff did not file a Reply.

The parties are familiar with the nature of this case. As a result, the Court does not repeat it here.

Because the Court finds that Mr. Greco is effectively representing Defendants (by ghost writing for them) without complying with LR IA 11-2, the Court will exercise its discretion to strike Defendants' Motion to Transfer of Venue and the Notice of Joinder. But the Court finds that striking the Answer exceeds the appropriate remedy, and therefore exercises its discretion not to strike it.

**I. Analysis**

The basis of Plaintiff's motion is that Thomas Greco, a California attorney who is not licensed to practice law in Nevada, is "ghost writing" for Plaintiffs. In turn, the argument is that he is effectively representing Defendants in this Court without permission to do so. Plaintiffs submit credible information for the proposition that Mr. Grecco is the one preparing documents for Defendants, some of which have been filed on this docket. Counsel for Plaintiff submitted a declaration stating he spoke to Mr. Greco who stated something to the effect of having the Answer to the Complaint and the Motion to Transfer Venue sitting on his desk. Declaration ¶ 6.

In addition, Mr. Greco's assistant emailed a copy of those documents to Plaintiff's counsel. Id. at ¶ 7; Exhibit 1-B. Lastly, the Initial Disclosures and the responses to Plaintiff's Request for Production were also sent to Plaintiff from Mr. Greco's office. Exhibit 1-C.

Defendant Montgomery's response is that Plaintiff has cited no law for the proposition that "a motion signed by party with the possible assistance of a non-admitted attorney constitutes grounds for a motion to strike." ECF No. 23.

Local Rule IA 11-2 sets forth the rules lawyers who are not barred in the state of Nevada must follow if they wish to practice in this Court. Of note, LR IA 11-2(h) allows the court to strike documents that do not conform with this rule and the imposition of sanctions. In addition, courts have authority to strike an improper filing under their inherent power to control the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have expressed reluctance at striking filings without some showing of prejudice to the moving party. See, e.g., *Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017).

The Court finds that the email sent from Mr. Greco's office with proposed documents to be filed, the Initial Disclosures and responses to Requests for Production sent form his office, and the communications with counsel for Plaintiff demonstrate that Mr. Greco is effectively representing Defendants in this action. But Mr. Greco has not complied with LR IA 11-2. The fact that Defendant Montgomery has signed the documents (instead of Mr. Greco) does not change the analysis. Indeed, it raises the likely possibility that Mr. Greco is also violating Fed. R. Civ. P. 11(a) by not signing documents he is preparing.

The Court will therefore exercise its discretion to strike the Motion to Transfer Venue and the Joinder to such Motion. Nevertheless, striking Plaintiff's pleadings would be too drastic a

remedy, especially in the absence of any prejudice. *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1223 (D. Haw. 2010).

     Mr. Greco is ordered to immediately stop "ghost writing" for Defendants in this matter. If he wishes to represent Defendants in this case, he must comply with LR IA 11-2. Should Mr. Greco disobey this Order, the court will issue an Order to Show Cause why he should not be *personally* sanctioned.

**II. CONCLUSION**

     **IT IS ORDERED** that Plaintiff's Motion at ECF No. 20 is **GRANTED in part and DENIED** in part consistent with this Order. The Clerk of Court is directed to **STRIKE** ECF No. 17 (Motion to Transfer Venue) and ECF No. 18 (Joinder to Motion to Transfer Venue) from the record. Defendants are now on notice that failure to abide by this order may result in sanctions under LR 11-8.

     **IT IS FURTHER ORDERED** that the Clerk of send a copy of this order to:
Thomas A. Greco
25361 Commercentre Drive Ste 150
Lake Forest, CA 92630

**IT S FURTHER ORDERED** that the hearing set for October 24, 2023, is **VACATED**.

     DATED: October 3, 2023.

                                                BRENDA WEKSLER
                                                UNITED STATES MAGISTRATE JUDGE