UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIROSLAV KEFURT, derivatively on behalf of Bremach Inc., <br><br> Plaintiff, <br><br> v. <br><br> REINIER HOOGENRAAD, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01774-JAD-BNW <br><br> **ORDER** |

Before the Court is Plaintiff's Motion to Disqualify Counsel. ECF No. 37. Defendants Hoogenraad and Montgomery opposed. ECF No. 38. Plaintiff replied. ECF No. 39. Given Plaintiff has not demonstrated he had an attorney-client relationship with the attorney he seeks to disqualify, which is required under Nevada's caselaw, the Court denies the motion.

The essence of Plaintiff's argument is that Mr. Greco (or his firm) cannot serve as counsel for Defendants Hoogenraad and Montgomery as Mr. Greco previously represented Plaintiff in a substantially related matter and has information adverse to Plaintiff. According to Plaintiff, there was an attorney-client relationship between Mr. Greco and himself in March 2022. This is so, according to Plaintiff, because Mr. Greco represented Bremach Inc. at the time Plaintiff was a shareholder of Bremach Inc. In addition, Plaintiff asserts Mr. Greco also represented Defendants Hoogenraad and Bremach Inc. when the cars that are at issue in this litigation were not delivered to the NADA Expo in March 2022. Moreover, Plaintiff alleges Mr. Greco must have learned confidential information adverse to Plaintiff during the period at issue in this case. The Court will not summarize the parties' arguments as the parties are familiar with them and the instant order does not warrant such recitation.

**I.      Analysis**

Federal courts apply state law when deciding whether an attorney or law firm should be disqualified. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *Stevens v. Wal-Mart*

*Stores, Inc.*, Case No. 2:17-cv-00970-JCM-PAL, 2018 WL 2766876, at *7 (D. Nev. June 8, 2018). The Supreme Court of Nevada has stated that "[c]ourts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice." *Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205, 14 P.3d 1266 (Nev.2000).

Under the Local Rules, attorneys practicing before this court are required to act in accordance with the Model Rules of Professional Conduct as adopted and amended by the Supreme Court of Nevada. LR IA 11–7(a). Under those rules, the general authority regarding conflicts of interest is that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." NV ST RPC Rule 1.9 (replacing former Supreme Court Rule 159).

To prevail on a motion to disqualify, the party seeking disqualification must establish three elements: (1) the moving party had an attorney-client relationship with the lawyer; (2) the former representation of the client and the current matter are substantially related; and (3) the current representation is adverse to the party seeking disqualification. *See Nevada Yellow Cab, Corp. v. Eighth Judicial Dist. Ct.*, 123 Nev. 44, 152 P.3d 737, 741 (Nev.2007); NV ST RPC Rule 1.9. When considering a motion to disqualify counsel the Court must "weigh the prejudices that the parties will suffer based on the district court's decision, consider the public interest in the administration of justice, and discourage the use of such motions for purposes of harassment and delay." *Yellow Cab, 123 Nev. at 53.*

Conflicts arising under Rule 1.9 may be imputed to the conflicted lawyer's law firm under Rule 1.10(a), which states: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited

lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." NV ST RPC Rule 1.10(a).

The movant bears the burden of establishing facts to justify disqualification. *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289 (D. Nev. 2011). The standard has been described as "high." *Shahroki v. Harter*, Case No. 2:21-cv-01126-RFB-NJK, 2021 WL 4981565, at *2 (D. Nev. Oct. 26, 2021). "Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Guglielmo*, 796 F. Supp. at 1289-90.

Here, Plaintiff fails at the first prong of the test under NV ST RPC Rule 1.9(a) and *Yellow Cab*. The Nevada Supreme Court held that, generally, a lawyer representing a corporate entity represents only the entity—and not its officers, directors, or shareholders. *Waid v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 121 Nev. 605, 611, 119 P.3d 1219, 1223 (2005). While there are exceptions to this general rule, given that "whether an attorney-client relationship has been established is very fact-specific", Plaintiff does not provide any specific facts to establish such a relationship. *Id*. Instead, he simply declares that such relationship exists as Plaintiff was a shareholder of Bremach Inc. at the time that Mr. Greco represented Bremach Inc. On the other hand, Mr. Greco attests he has never even met Plaintiff and has never represented him. ECF No 38-2 at 3. Given this, Plaintiff fails to meet the high standard ascribed to him. *Harter*, 2021 WL 4981565 at *2.

Given Plaintiff has not established the attorney-client relationship with Mr. Greco, the Court need not analyze the other two prongs under NV ST RPC Rule 1.9(a) and *Yellow Cab*.

II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Counsel (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing set for Tuesday, January 30, 2024 at 10:00 a.m. is hereby **VACATED**.

DATED: January 23, 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE